UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD BASCIANO,

        Plaintiff,

-against-

CHILD SUPPORT ENFORCEMENT MT. VERNON OFFICE,

        Defendant.

1:19-CV-11797 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting that the defendant, the "Child Support Enforcement Mt. Vernon Office," violated his federal constitutional rights. The Court understands the defendant to be the Westchester County Department of Social Service's Office of Child Support Enforcement ("OCSE"). By order dated January 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff cites to many irrelevant legal doctrines, statutes, regulations, cases, etc. He makes the following allegations: For over 10 years, OCSE has been garnishing Plaintiff's income and seizing his other property pursuant to an income withholding order (IWO) or "notice to withhold." (ECF 2, at 5.) This has been causing him "great harm, suffering from anxiety, [d]epression, stress[,] mental anguish, [and he is seeing] a psychiatrist and [a] social worker." (*Id.*) This situation has also caused him, at times, to be homeless and to go without food. (*Id.*) In addition, "there was . . . a tax offset on [his] income tax returns when [he] was working." (*Id.* at 6.)

OCSE "alleg[es] that [it] ha[s] a court order, but [it] do[esn't]. [Y]ou cannot deprive[] a man of life[,] liberty[,] and property without a warrant." (*Id.* at 5.) OSCE refers to this court order – that apparently requires Plaintiff to pay child support – when it garnishes Plaintiff's income or seizes his other property. Because he doubts the court order's existence, Plaintiff has demanded that OCSE prove its existence and hold a hearing in which he can contest his child-support obligations. OCSE has ignored his demands. Plaintiff seeks $10,000,000 in damages.

## DISCUSSION

### A.  OCSE

Plaintiff alleges that OSCE has violated his federal constitutional rights, and he sues the agency under 42 U.S.C. § 1983. The Court must dismiss Plaintiff's claims against OCSE, however, because municipal (including county) departments, such as OCSE, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."); *Pimentel v. City of New York*, No. 00-CV-0326, 2000 WL 1576871, at *2 (S.D.N.Y. Oct. 23, 2000) (New York City OCSE is not a suable entity). The Court therefore dismisses Plaintiff's claims against OCSE, *see* 28 U.S.C. §1915(e)(2)(B)(ii), and construes them as brought against the County of Westchester.

When a plaintiff sues a municipality, such as the County of Westchester, under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused

3

the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the County of Westchester has caused violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the County of Westchester. *See* § 1915(e)(2)(B)(ii).

**B.      Procedural Due Process**

Plaintiff's complaint can be read to assert that OCSE officials have violated Plaintiff's right to procedural due process by not allowing him to challenge OCSE's basis for collecting child support from him.

The Due Process Clause only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental

interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Generally, some kind of predeprivation process must be provided before liberty or property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera-Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

In New York, a child-support debtor is entitled to the postjudgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52" and "CPLR").[1] For example, when an SCU issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake

---

[1] In New York, "[e]ach local social services district, through a Support Collection Unit ('SCU'), is required to take all steps necessary to establish, collect, and enforce child support orders." *O'Brien v. Hansell*, No. 09-CV-0629, 2010 WL 1371366, at *4 (E.D.N.Y. Mar. 31, 2010) (citing N.Y. Soc. Servs. Law §§ 111-c, 111-h). "Once a child support order has been entered, the local SCU establishes an account for the named child support debtor, the terms of which are established by the order of support." *Id.* at *5 (citing N.Y. Soc. Servs. Law § 111-h(1)). "The SCU has various methods of enforcing child support arrears, including, *inter alia,* (1) the issuance of income executions for child support enforcement, *see* 42 U.S.C. § 666(a)(1), (8), (b); N.Y.C.P.L.R. § 5241, and (2) the imposition of child support liens against real and personal property and seizure of assets, bank accounts, and insurance settlements, *see* 42 U.S.C. §§ 666(a)(4), (c)(1)(G); N.Y. Soc. Servs. Law §§ 111-t, 111-u; N.Y.C.P.L.R. § 5222." *Id.*

5

of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y.C.P.L.R. § 5241(a)(8), (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within forty-five days." N.Y.C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the CPLR ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that an applicant for relief should commence an Article 78 proceeding after exhausting his remedies before an SCU); *see Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266, 2019 WL 6312178, at *3 (S.D.N.Y. Nov. 25, 2019), *appeal pending*, No. 20-26 (2d Cir.).

Here, even if the Court assumes that OCSE garnished Plaintiff's wages or otherwise seized his property without giving Plaintiff notice or an opportunity to challenge the garnishment or seizures before they occurred, those facts alone do not give rise to a claim of a procedural due process violation. State law, specifically, Article 52, provides procedural due process to child-support debtors facing garnishment or seizure. If OCSE failed to comply with state law, such an omission would constitute a random and unauthorized deprivation of property, but that deprivation does not constitute a violation of procedural due process so long as the state provides an adequate postdeprivation remedy.

Plaintiff attaches to his complaint copies of documents that he appears to have sent to OCSE in which he contested the basis for its collection of child support from him. (ECF 2, at 8-37.)[2] He does not state, however, whether OSCE ever issued a determination under Article 52

---

[2] Plaintiff alleges that OCSE has been illegally collecting child support from him for over 10 years. But the documents he attaches to his complaint are not signed or dated. He also alleges that on May 8, 2019, he mailed an "affidavit of service . . . demanding proof of a court order or

6

after he sent those documents or, if it did, whether he sought judicial review in a state court under Article 78. He cannot assert that he was denied procedural due process if he never sought Article 52 administrative review or Article 78 judicial review. *See Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983."); *see also Smith*, 2019 WL 6312178, at *3 ("[T]he fact that [Article 52 and Article 78] remedies were available to him defeats his due process claim." (citing *Rivera-Powell*, 470 F.3d at 465))).

Accordingly, to the extent that Plaintiff asserts that OCSE officials have violated his right to procedural due process, the Court dismisses such claims. *See* § 1915(e)(2)(B)(ii).

## C.     Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

a[n] undertaking, and demand[ing] a hearing." (ECF 2, at 6.) But he further states that OSCE "defaulted with no response." (*Id.*)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 4, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge