UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD BASCIANO,

                Plaintiff,

-against-

CHILD SUPPORT ENFORCEMENT MT. VERNON OFFICE,

                Defendant.

1:19-CV-11797 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order and judgment dated and entered on February 4, 2020, the Court dismissed this *pro se* action *sua sponte* for failure to state a claim on which relief may be granted. Fourteen days later, on February 18, 2020, Plaintiff filed a motion for an extension of time to file a notice of appeal (ECF 6), and a motion for leave to proceed *in forma pauperis* on appeal (ECF 7).

In his motion for an extension of time, Plaintiff writes that he wishes to appeal the judgment entered in this action on January 23, 2020. (ECF 6.) But no judgment was entered on that date in this action. Rather, the Court granted Plaintiff's application to proceed *in forma pauperis* in this action on that date. (ECF 3.) The motion also fails to specify the court to which Plaintiff wishes to take his appeal.

For the reasons discussed below, however, the Court construes Plaintiff's motion for an extension of time as a timely notice of appeal in which Plaintiff declares his intent to appeal from the Court's February 4, 2020 order and judgment in the United States Court of Appeals for the Second Circuit.

**DISCUSSION**

Plaintiff filed a motion for an extension of time despite the fact that his time to appeal had not yet expired. The question is whether the Court can construe the motion as a notice of appeal.

The motion is not captioned as a notice of appeal, but "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a [submission] and recharacterize the [submission] in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Among the reasons that courts do this is "to avoid inappropriately stringent application of formal labeling requirements[] or to create a better correspondence between the substance of a *pro se* [submission's] claim and its underlying legal basis." *Id.* at 381-82 (citations omitted).

Under Rule 3 of the Federal Rules of Appellate Procedure, a notice of appeal must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). The Supreme Court has instructed courts to "construe Rule 3 liberally when determining whether it has been complied with, [but] noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and citation omitted, alteration in original); *see also* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Moreover, federal courts "take 'a liberal view of papers filed by indigent and incarcerated [litigants], as equivalents of notices of appeal.'" *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir. 1996) (quoting *Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962)).

Under Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal in a civil action must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). But "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3," that is, it "specifically indicate[s] the litigant's intent to seek appellate review [and, therefore,] provides sufficient notice to other parties and the courts [of the litigant's intent,] . . . it is effective as a notice of appeal." *Smith*, 502 U.S at 248-49; *see Barrett*, 105 F.3d at 795 ("A pro se party's filing will suffice as a notice of appeal so long as it 'evinces an intent to appeal an order or judgment of the district court and [the] appellee has not been prejudiced or misled by the notice.'") (citation omitted).

Plaintiff filed his motion on February 18, 2020, within the 30-day period to file a timely notice of appeal. While he wrote the wrong date (January 23, 2020) in the space in his motion form in which he was to write the date of the judgment he wishes to appeal from, his intent to appeal the Court's February 4, 2020 order and judgment is clear. And "although [he] failed to specify [the United States Court of Appeals for the Second Circuit] as that to which he was taking his appeal, review of [the February 4, 2020 order and judgment can] be had only in" that court. *Barrett*, 105 F.3d at 796 (*pro se* submission satisfied the requirement to name the court to which an appeal was to be taken, even though the Second Circuit was not specified, because the Second Circuit was the only court in which the appeal could be taken); *see also Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014) ("[W]e have no difficulty concluding that [a *pro se* litigant's] failure to add the words 'Fourth Circuit' to his notice of appeal did not bring him out of compliance with Rule 3. Where, as in this case, there is only one possible appellate forum, the filing of an otherwise proper notice of appeal may itself be the 'functional equivalent' of naming that court under Rule 3(c)(1)(C).").

Because Plaintiff's motion for an extension of time satisfies the requirements under Rule 3 of the Federal Rules of Appellate Procedure, the Court construes that motion as a timely notice of appeal in which Plaintiff declares his intent to appeal from the Court's February 4, 2020 order and judgment in the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes Plaintiff's motion for an extension of time to file a notice of appeal as a timely notice of appeal. (ECF 6.) The Court therefore directs the Clerk of Court to process Plaintiff's appeal accordingly.

The Court thus denies Plaintiff's motion for an extension of time to file a notice of appeal as moot. (*Id.*)

The Court also denies Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. (ECF 7.) The Court has already denied Plaintiff such leave in its February 4, 2020 order and judgment. (ECF 4, at 8; ECF 5.) Plaintiff must seek leave to proceed *in forma pauperis* on appeal from the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge*, 369 U.S. at 444-45.

SO ORDERED.

Dated: March 23, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge